## Witte Hardware Co. v. Air Line Transfer Co.

1. PRACTICE—*Evidence Warranting a Refusal of the Court to Direct a Verdict for Defendant.*—Where, in an action for damages to a transportation company by the explosion of dynamite which was shipped as powder, it is reasonably and fairly inferable from the evidence that if the dynamite had been so billed and marked as to disclose its dangerous character it would have been separately handled and delivered with commensurate care, and that the explosion would not have occurred, the testimony presents such a case as makes it the duty of the court to deny defendant's motion to exclude the evidence and direct a verdict.

2. INSTRUCTIONS—*Where Not Repugnant They Must be Considered Together.*—Where the instructions in a case are not repugnant they must all be considered together.

Trespass on the Case, for damages caused by the explosion of dynamite. Appeal from the Circuit Court of St. Clair County: the Hon. SILAS COOK, Judge presiding. Heard in this court at the February term, 1903. Affirmed. Opinion filed June 15, 1903. ·

KEHR & TITTMANN and GUSTAVUS A. KOERNER, attorneys for appellant.

WISE & McNULTY, JAMES M. HAMILL and M. W. BORDERS attorneys for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was an action on the case in the Circuit Court of St. Clair County, by appellee against appellant. Trial by jury. Verdict and judgment in favor of appellee for $500.

The testimony tends to prove that appellee was a corporation engaged in the transfer and draying business in the city of Belleville; that appellant was a corporation engaged in the wholesale hardware business in the city of St. Louis; that Messrs. A. and O. A. Hucke were retail hardware merchants in the city of Belleville; that both appellant and the Messrs. Hucke, in their respective businesses, dealt in and handled powder, dynamite and other explosives; that the Messrs. Hucke ordered from appellant 100 pounds of powder and 300 pounds of dynamite; that in filling the order appellant caused the powder and dynamite to be forwarded

to the Messrs. Hucke direct from the manufacturers; that the dynamite wes billed, shipped and marked as " Powder;" that it came in six boxes, with no lettering or other mark thereon to indicate the contents or the character thereof except the word " Powder;" that appellant had previously thereto shipped through this same manufacturer many lots of explosives to the Messrs. Hucke, which had been delivered by appellee, and in all other instances the boxes or packages containing dynamite had been marked " Dynamite," " Dangerous," " Highly explosive;" that it was the practice of appellee when delivering dynamite to load and deliver it by itself and to exercise " very much more caution;" to be " very careful; " that upon the arrival at the railroad depot in Belleville of the consignment, including the six boxes of dynamite marked " Powder," they, together with other goods, were loaded into a large stock wagon of appellee by the railroad warehouseman and two of appellee's employes, for the purpose of being hauled into the city and making a door delivery of the various articles composing the load to the various consignees; that believing the six boxes marked " Powder " to contain powder, as shown by both the shipping bill and mark on the boxes, they were placed in the wagon with the other merchandise, and in this respect and in all other respects were handled with all the care requisite to safety in the handling of powder; that in course of making the deliveries from door to door in the business part of the city, an explosion occurred, first of the dynamite and immediately afterward of the powder, resulting, so far as is involved in this suit, in the destruction of the wagon and all the merchandise therein and in damaging the horses and harness. It is reasonably and fairly inferable from the evidence that if the six boxes of dynamite had been so billed and marked as to disclose the dangerous character of the contents, they would have been separately handled and delivered with commensurate care and that the explosion would not have occurred.

In our judgment the testimony makes such a case as made it the duty of the trial court to deny appellant's motion to

exclude the evidence and direct a verdict. In that action of the court there is no error.

There was no error in the ruling of the trial court as to the admission or rejection of evidence.

Complaint is made of the third instruction given on behalf of appellee. That instruction is in no sense repugnant to those given on behalf of appellant, and when all the instructions are considered together, as must be done in this case, we are of opinion that appellant has no just cause of complaint with respect to the instructions.

We find that substantial justice has been done in this case and the judgment should be affirmed. The judgment of the Circuit Court is affirmed.